UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH RICHARDSON,<br><br>    Petitioner,<br><br>    v.<br><br>STEVEN LAKE,<br><br>    Respondent. | No. 1:17-CV-01564-JDP (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>ECF No. 19<br><br>AMENDED PETITION DUE IN 30 DAYS<br><br>ORDER DENYING PETITIONER'S MOTIONS TO SUPPLEMENT PETITION<br><br>ECF Nos. 23, 24 |

Petitioner Kenneth Richardson, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a magistrate judge. *See* ECF Nos. 3, 8. Respondent moves to dismiss the petition for lack of jurisdiction. ECF No. 19. Petitioner moves to supplement his habeas petition. ECF Nos. 23, 24. We will grant respondent's motion to dismiss, deny petitioner's motions to supplement, and dismiss the petition without prejudice.

**I.    Background**

On December 4, 2000, a jury convicted petitioner of conspiracy to distribute cocaine and heroin. On May 3, 2001, the U.S. District Court for the District of Connecticut sentenced petitioner under 21 U.S.C. § 841(b)(1)(A) to life in prison—the minimum sentence permitted,

given petitioner's two prior narcotics convictions.[1]  *See* ECF No. 19-1 at 304, 321-23.  In addition, the U.S. Sentencing Guidelines ("Guidelines") called for a life sentence and, since petitioner's sentencing preceded the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines were mandatory.  *See* ECF No. 19-1 at 304 ("THE COURT: Court takes no pleasure in this, Mr. Harmon.  The Court takes no pleasure in sentencing a 25-year-old young man to life in jail. I don't relish that option. I don't like it.  I'm not happy with it, but I have no choice.  The guidelines are mandatory and I have no discretion, and I—this is an ongoing issue.").

Petitioner has unsuccessfully challenged his sentence before this proceeding.  The U.S. Court of Appeals for the Second Circuit affirmed his sentence on direct appeal in 2004.  The U.S. District Court for the District of Connecticut denied petitioner's first Section 2255 petition in 2007.

## II. Discussion

Petitioner raises the following habeas claims:[2]

**Ground One** Ineffective Assistance of Counsel

Counsel's failure to object to the district court's failure to comply with the meticulous statuary procedures mandated by Congress under the sway of 21 USC 851 The government conceded that the sentencing court did not comply with the procedures set forth in 21 U.S.C. 851(b).  Because the sentencing court committed the error and counsel failed objection Petitioners Life sentence enhancement turned on the outcome of the 851 Procedure—Colloquy—a hearing that never took place.

**Ground Two** Use of Prior Conviction didn't Qualify for Purpose of Enhancement

---

[1] On December 9, 1996, petitioner was convicted under Connecticut General Statutes § 21a-277(a) of the sale of a controlled substance.  *See* ECF No. 5-3 at 3.  Petitioner had been the "look out for another male who was selling narcotics," according to a police report in that case.  *Id*. at 1. On September 25, 1997, petitioner was convicted of possessing a controlled substance with the intent to sell, in violation of the same statute.  ECF No. 19-1, 371-75.  In this second case, petitioner was found to have had a "nickle bag of marijuana" in his boot, according to the sentencing transcript from Connecticut state court.  *Id*. at 375.

[2] To avoid mischaracterizing petitioner's claims, we restate the statements from the petition verbatim.  All typographical errors appear in the original.

2

> The Second Circuit has since rejected under analogous
> circumstances Also along with the governments concessions to
> retroactive effect prisoners may benefit from the decision in Post
> Conviction. Pleas under the Alford Doctrine not able to be used.
> Also the judge ruling that Petitioner Alludes to a Potentially
> meritorious ground for resentencing based on the Second Circuit's
> Ruling in McCoy and Savage Petitioner must pursue Claim . . .

ECF No. 1 at 2-3. Given these somewhat vague statements, we will first state what we understand petitioner's claims to be and then evaluate the parties' motions.

### a. Section 851 Colloquy

In his first claim, we understand petitioner to be challenging (1) the sentencing court's alleged non-compliance with Section 851 of Title 21 of the United States Code and (2) the failure of his attorney to raise the issue either at sentencing or on direct appeal.

Under Section 851, a district court at sentencing must address the defendant "personally," "inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information," and "inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." *United States v. Rodriguez*, 851 F.3d 931, 946 (9th Cir. 2017). If the defendant "denies any allegation of the information" or "claims that any conviction alleged is invalid," he must file a written response, triggering a hearing "to determine any issues raised by the response." 21 U.S.C. § 851(c)(1). At the hearing, the government has the burden of proof beyond a reasonable doubt on any disputed issue of fact. *Id*.

Section 851 "place[s] the procedural onus on the district court to ensure defendants are fully aware of their rights." *Rodriguez*, 851 F.3d at 946 (quoting *United States v. Espinal*, 634 F.3d 655, 665 (2d Cir. 2011)). Because of this, a defendant's failure to dispute his prior conviction does not necessarily waive his right to do so if the sentencing court does not satisfy the Section 851 procedures. *See United States v. Ocampo-Estrada*, 873 F.3d 661, 666-67 (9th Cir. 2017); *Espinal*, 634 F.3d at 665 ("The statute does not require a defendant to respond to the prior felony information sua sponte."). Generally, the failure to comply with Section 851 renders a sentence "illegal," but the failure may be harmless error. *See Rodriguez*, 851 F.3d at 946. Here,

3

we understand petitioner to be arguing that the absence of a Section 851 colloquy at his sentencing invalidates his sentence and that his attorney should have made this argument at sentencing or on direct appeal.

### b. Prior Convictions

In his second claim, we take petitioner to be arguing that his prior convictions from Connecticut no longer qualify as predicate offenses for sentence enhancement under Section 851 or the Sentencing Guidelines in light of the Second Circuit's decision in *United States v. Savage*, 542 F.3d 959 (2d Cir. 2008). To decide whether a prior conviction qualifies as a predicate offense, courts apply what is known as the categorical approach. *See Ocampo-Estrada*, 873 F.3d at 667; *Savage*, 542 F.3d at 964. Under *Taylor v. United States* and its successors—*Descamps v. United States* and *Mathis v. United States*—the categorical approach requires the court to compare elements of each state prior offense with elements of a generic federal offense. 495 U.S. 575, 602 (1990); 133 S. Ct. 2276, 2281 (2013); 136 S. Ct. 2243 (2016). The court first considers whether the state statute of conviction "is a categorical match to the generic predicate offense; that is, if the statute of conviction criminalizes only as much (or less) conduct than the generic offense." *Ocampo-Estrada*, 873 F.3d at 667. "If so, the inquiry ends, because the conviction categorically constitutes a predicate offense. If not, we move on to step two and ask if the statute of conviction's comparatively overbroad element is divisible." *Medina-Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014).

The next step requires the court to decide whether the statute is divisible. "If a predicate statute is divisible—i.e., it lists alternative elemental versions of the offense within the same statute, rather than simply separate means for committing a single offense—then the modified categorical approach is used to determine which elemental version of the offense was committed."[3] *Ocampo-Estrada*, 873 F.3d at 667; *accord Mathis*, 136 S.Ct. at 2249 (2016) (listing examples). In such a case, the court examines a limited class of documents known as *Shepherd*

---

[3] If the statute is not divisible, listing multiple "means" of committing a giving offense as opposed to alternative elements of the crime—the court cannot apply the modified categorical approach. *See Mathis*, 136 S. Ct. at 2253.

4

documents to determine which version of the offense was the basis for conviction. *See Ocampo-Estrada*, 873 F.3d at 667; *Shepard v. United States*, 544 U.S. 13, 26 (2005). *Shepherd* documents include "the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information." *Shepard*, 544 U.S. at 26. If the categorical approach is appropriate and shows that the prior offense covered "a greater swath of conduct" than the generic offense, then the prior offense does not qualify as a predicate offense for sentence enhancement. *Id*. at 2251.

Petitioner relies on *Savage*, in which the Second Circuit applied a modified categorical approach. In *Savage*, the Second Circuit explained that because the Connecticut statute at issue, Connecticut General Statutes § 21a-277—the same statute at issue in both petitioner's prior convictions—criminalized a mere offer to sell a controlled substance, the statute was broader than the generic offense under federal law. *See Savage*, 542 F.3d at 965. The court then examined the *Shepherd* documents and concluded that those documents did not establish that the defendant "exchanged drugs for money"—and held that the prior conviction could not be used to enhance the defendant's sentence under the Guidelines. *See id.* at 967; *see also United States v. Hill*, 688 F. App'x 81, 82 (2d Cir. 2017) (applying modified categorical approach to same statute, Connecticut General Statutes § 21a-277).

Petitioner appears to be arguing that, as in *Savage*, his § 21a-277 convictions did not provide a valid basis for enhancing his sentence. In making this argument, petitioner refers to an *Alford* plea, in which a criminal defendant neither confirms nor denies the factual basis for his plea. *See Savage*, 542 F.3d at 966. He also references *McCoy*, which appears to mean *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429 (1988), a Supreme Court decision that petitioner cited in another case for the proposition that counsel must conscientiously examine a case, identifying any issue that could arguably be raised on appeal, *see United States v. Jones*, 408 F. App'x 416, 419 (2d Cir. 2010) (petitioner's motion to amend sentence). Petitioner appears to be arguing that he entered into an *Alford* plea in one of his cases and that his attorney in his most recent case should have examined the prior case and argued that the prior conviction was

5

not a predicate offense.[4]

### c. Section 2241

Following the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2241 is generally used for challenging the execution of a sentence, and a federal prisoner challenging the legality of his detention generally must do so under Section 2255. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Section 2255 imposes several restrictions on habeas petitions, among them a requirement that petitioners obtain leave from the courts of appeals before filing successive habeas petitions. *See id.* In addition, only the sentencing court may consider a Section 2255 petition. *See id.* at 865.

In rare circumstances, however, a habeas petitioner challenging the legality of his detention may rely on what is known as the savings clause of Section 2255 and file a petition under Section 2241, the old habeas provision, by showing that the remedy under Section 2255 is "inadequate or ineffective." *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (quoting 28 U.S.C. § 2255(e)); *Hernandez*, 204 F.3d at 864. The petitioner can show that his remedy under Section 2255 is inadequate or ineffective if he "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Failure to satisfy either of these requirements is a jurisdictional defect. *See Marrero v. Ives*, 682 F.3d 1190, 1194-95 (9th Cir. 2012); *Hernandez*, 204 F.3d at 865.

#### i. Factual Innocence

A claim of actual innocence requires a habeas petitioner to show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Marrero*, 682 F.3d at 1193; *see also Bousley v. United States*, 523 U.S. 614, 623 (1998). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Marrero*, 682 F.3d at 1193 (quoting *Bousley*, 523 U.S. at 623). An argument that a petitioner has been erroneously treated as a career offender is a "purely legal claim that has nothing to do with factual innocence," and it is

---

[4] If we have mischaracterized or misunderstood either of petitioner's claims, petitioner should amend his petition and explain his arguments in plain terms. We go no further in our attempts to decipher petitioner's claims.

6

incognizable for the purposes of a Section 2241 petition. *See id.* The Ninth Circuit has not held that a Section 2241 habeas claim challenging a noncapital sentencing enhancement is cognizable. *See id.* at 1194.[5]

Here, both claims raised by petitioner challenge his sentencing enhancement. Petitioner's arguments are purely legal: he argues that his prior convictions cannot be bases for enhancing his sentence, but not that he is factually innocent. Accordingly, petitioner has not satisfied the factual-innocence requirement, and we lack jurisdiction to grant habeas relief. *See id.* at 1194-95.

### ii. Unobstructed Procedural Shot

To decide "whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim did not become available until after a federal court decision." *Stephens*, 464 F.3d at 898. In other words, we consider: (1) whether the legal basis for petitioner's claim "did not arise until after he had exhausted his direct appeal and first § 2255 motion;" and (2) whether the law changed "in any way relevant" to petitioner's claim after that first § 2255 motion. *See Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008). When the change of law comes from an intervening court decision, the decision must "effect a material change in the applicable law" to establish unavailability. *See Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting *In re Davenport*, 147 F.3d 605, 607, 610 (7th Cir.1998)). A claim is not available when settled law forecloses it. *Id.* at 1048. A decision that simply "provides further clarification" of the statute of conviction without "materially vary[ing] from the statutory construction set forth" in previous case law does not effect a material change. *See id.* The Ninth Circuit has granted habeas relief even when the change in the applicable law came

---

[5] *See Green v. Johnson*, 744 F. App'x 413 (9th Cir. 2018) ("It is far from clear that Green can sustain a claim of actual innocence of an enhanced sentence under the Career Offender provision of the United States Sentencing Guidelines; we have not previously so held, and we need not do so in this case because he does not meet the second part of the escape hatch test."); *Martin v. Warden, USP Atwater*, No. 1:18-cv-1093, 2018 WL 4057274, at *3 (E.D. Cal. Aug. 24, 2018) ("*Marrero* thus appears to foreclose Petitioner's claim of actual innocence for purposes of his ability to bring a § 2241 petition."); *Kizzee v. Matevousian*, No. 1:18-cv-1183, 2018 WL 5310783, at *2 (E.D. Cal. Oct. 25, 2018) ("Petitioner does not assert that he was factually innocent of the crime of which he was convicted but challenges only his sentence based on *Mathis*. The savings clause requires him to prove that he is actually innocent of the crimes for which he was convicted, not that the sentence was erroneously imposed.").

from a decision of a court of appeals, not the Supreme Court. *See id.* at 1047.

Here, respondent argues that petitioner could have raised his first claim, based on Section 851, in his first Section 2255 petition.[6] We need not decide this issue, given petitioner's failure to satisfy the factual-innocence requirement, but we nonetheless discuss what we expect petitioner to address if he amends his petition. Petitioner may have a colorable argument that he could not have raised his first claim either on direct appeal or in his first Section 2255 petition, given the state of the law at that time. As the government argued at petitioner's sentencing, petitioner faced mandatory life sentence as a career offender under Section 4B1.1 of the Sentencing Guidelines—even if the government had not sought a mandatory life sentence under Section 851. *See* ECF No. 19-1 at 308, 314.[7] Petitioner was sentenced before *Booker*, so "the guidelines [were] mandatory," as the sentencing court noted, *id.* at 304. Under the Section 4B1.1 of the Guidelines, petitioner was a career offender if he had two prior felony convictions for controlled substance offenses. The Second Circuit did not decide *Savage* until 2008—after petitioner's direct appeal in 2001 and his first Section 2255 petition in 2006. Thus, if petitioner had raised his Section 851 claim on direct appeal or in his first Section 2255 petition, it appears that the absence of a Section 851 colloquy could have been a harmless error. *See Rodriguez*, 851 F.3d at 946 (reasoning that sentencing court's error in complying with Section 851 is subject to harmless error analysis). That is, petitioner needed to raise his Section 851 claim together with his second claim against his career-offender status under the Guidelines; he could not do so until the *Savage* decision in 2008. This appears to be petitioner's argument, though the parties may persuade us otherwise if this case proceeds. If petitioner chooses to amend the petition, he should develop his arguments and provide citations to pertinent authorities. If appropriate, he may seek the court's assistance in

---

[6] Respondent does not argue that petitioner could have raised his second claim—a challenge to his prior convictions—either on direct appeal or in his first Section 2255 petition.

[7] The sentencing court noted that it could give petitioner "somewhat of a break" by not giving him the contested firearm enhancement, potentially making his sentence "360 to life," ECF No. 19-1 at 314, but it appears that the court ultimately imposed the firearm enhancement, *id.* at 322 ("The fact is you did deal drugs, you did go to New York with Aaron Harris, at least on the one occasion that we heard about at trial, and certainly on other occasions, to buy drugs. There were guns involved. You made deliveries to P.T. Barnum.").

8

recruiting counsel. For now, we will allow petitioner an opportunity to develop his argument.

Likewise, it appears that petitioner could not have raised his Section 851 claim in a successive Section 2255 petition. A successive petition under Section 2255 must assert a claim based on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Neither of petitioner's two claims concerns new evidence or a new rule of constitutional law. Thus, it appears that petitioner could not have pursued a successive petition under Section 2255.

### d. Motions to Supplement Pleading

Petitioner has filed two motions to supplement his petition. ECF Nos. 23, 24. He relies on the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018), and argues that he should be resentenced because he has shown that he is not a recidivist. However, petitioner cites no provision under the First Step Act that would allow a district court to resentence an inmate in a Section 2241 proceeding. We will deny petitioner's motions to supplement his petition.

### III. Certificate of Appealability

When a habeas petition filed under Section 2241 fails to satisfy the requirements of Section 2241, this court must determine whether a certificate of appealability is appropriate. *Harrison*, 519 F.3d at 958.

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district

court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Here, reasonable jurists could disagree whether the court should allow petitioner to challenge his enhanced sentence under Section 2241. *See Brown v. Caraway*, 719 F.3d 583, 587 (7th Cir. 2013) (reasoning that Section 2241 can invalidate sentence enhanced for career offender status); *McKay v. United States*, 657 F.3d 1190, 1198 (11th Cir. 2011) (reasoning that actual innocence of sentence exception did not apply to claim that petitioner was erroneously sentenced as career offender). Indeed, it appears that if petitioner had been incarcerated in a jurisdiction that allowed a habeas challenge to his enhanced sentence, he might have relied on Section 2241 to challenge his sentence.

However, we will not issue a certificate of appealability at this time. Because petitioner is pro se, the court will allow him an opportunity to amend his petition. Should petitioner decide to amend his petition, he should explain whether the various changes in the law apply retroactively to his case and develop all his arguments. In addition, petitioner should inform the court whether, if he were sentenced today, he could have received a different sentence. Likewise, petitioner must explain how the absence of the Section 851 colloquy was not harmless error. And petitioner must explain how his prior convictions from Connecticut can no longer serve as predicate offenses under Section 851 or *Savage*. Put another way, petitioner must explain that, absent the factual-innocence requirement, he can rely on Section 2241 to challenge his sentence before this court issues a certificate of appealability. If any issue other than the factual-innocence requirement precludes this court's jurisdiction, or if petitioner decides not to amend his petition, the court will not issue a certificate of appealability.

We recognize that this case presents issues that could pose difficulties for a pro se litigant who has not finished high school, *see* ECF No. 19-1 at 332, so we are open to appointing counsel for petitioner. If petitioner wishes to proceed with counsel, he should file a motion for counsel along with his amended petition and (1) indicate why he believes that he will prevail, (2) describe

his litigation experience, (3) state why he needs counsel, and (4) provide any other information that would help the court assess his ability to represent himself or articulate his claims. Petitioner must demonstrate some likelihood that he can prevail on the merits. Otherwise, the court will decline to appoint him counsel.

In sum, we will grant respondent's motion to dismiss for lack of jurisdiction. Petitioner may amend his petition by the deadline set forth below. After reviewing petitioner's new submissions, the court will evaluate whether it has jurisdiction and whether to issue a certificate of appealability. Before concluding that this court has jurisdiction, we will allow respondent to argue otherwise, so respondent need not file another submission absent court order.

**IV.     Order**

1. Respondent's motion to dismiss, ECF No. 19, is granted.
2. The petition for a writ of habeas corpus, ECF No. 1, is dismissed without prejudice.
3. Petitioner may have until Monday, April 29, 2019, to file an amended petition.

IT IS SO ORDERED.

Dated:    March 29, 2019                                  _____
                                                          UNITED STATES MAGISTRATE JUDGE

No. 202

11