UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH RICHARDSON, | Case No. 1:17-cv-01564-JDP |
| Petitioner, | ORDER DISMISSING PETITIONER'S AMENDED PETITION FOR FAILURE TO STATE A CLAIM |
| v. | |
| ANDRE MATEVOUSIAN, | ECF No. 26, 28 |
| Respondent. | ORDER DENYING PETITIONER'S MOTION FOR COUNSEL |
| | ECF No. 27 |

Petitioner Kenneth Richardson, a federal prisoner without counsel, filed a writ of habeas corpus under 28 U.S.C. § 2241 on November 22, 2017. ECF No. 1. On March 29, 2019, the court granted respondent's motion to dismiss the petition and gave petitioner 30 days to file an amended petition. ECF No. 25. We dismissed the petition because it could not be properly filed under either habeas petition avenues available to federal prisoners: 28 U.S.C. § 2241 or 28 U.S.C. § 2255. We found that the petition was improperly filed under § 2241 because it challenged the legality of petitioner's sentence, not the manner of execution of his sentence. ECF No. 25 at 6. The petition did not qualify for the savings clause of § 2241, which allows a petitioner to file under § 2241 upon showing that a remedy under 28 U.S.C. § 2255 would be inadequate or ineffective. *Id.* Finally, petitioner could not file under § 2255 because his multiple previous

1

§ 2255 petitions in another district were denied, making the instant petition second or successive. *Id.* at 9.

**Amended Petition**

In response, petitioner submitted two identical documents captioned as motions to amend on April 4 and 12, 2019. ECF No. 26, 28. Because these motions include new arguments, we will construe them together as an amended petition. In the amended petition, petitioner repeated the two arguments from his original petition: (1) the sentencing judge failed to fully comply with 21 U.S.C. § 851, which requires a sentencing judge to inform a defendant of his rights and (2) the use of petitioner's prior convictions in determining his sentence was improper. ECF No. 26 at 4-6. Both claims were dismissed, ECF No. 25, and will not be considered again.

Next, petitioner argued that his sentence should be reduced under the First Step Act of 2018. ECF No. 26 at 2-4. This claim will not be considered here. To the extent petitioner wishes to seek resentencing under the First Step Act, he should petition the court that imposed his sentence. Section 404 of the First Step Act of 2018 provides: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

Finally, petitioner argues that, under *United States v. Wheeler*, a "fundamental sentencing error" should allow him to file his petition under the savings clause of § 2241. *See United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018) (court allowed filing under the savings clause of § 2241 because a new retroactive law resulted in a fundamental defect in petitioner's sentence). Seemingly, petitioner is asserting that the First Step Act of 2018 is the new retroactive law causing a fundamental sentencing error. Petitioner's argument fails for two reasons: First, the Ninth Circuit has not adopted the rule from *Wheeler*. In the Ninth Circuit, to be eligible to file a habeas petition under the savings clause of § 2241, a petitioner must "(1) make a claim of actual innocence, and (2) not [have] had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)). In determining whether a petitioner has had an unobstructed

2

procedural shot, we consider "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960. We determined that petitioner did not meet the *Harrison* requirements, as explained in the order dismissing the petition. ECF No. 25. Second, while petitioner is correct in arguing that the First Step Act is a newly passed law with some retroactive provisions, petitioner cannot seek habeas relief from this court through making a First Step Act claim. Instead, petitioner must submit a First Step Act petition to the sentencing court in his case.

Petitioner has presented no other arguments in his amended complaint. His two new arguments both fail for failure to state a claim. Therefore, we dismiss the amended petition for failure to state a claim.

**Appointment of Counsel**

Second, petitioner moved this court for the appointment of counsel, stating that he lacks legal education and consistent access to the prison law library. ECF No. 27. Here, petitioner's amended complaint is dismissed. Therefore, his motion to appoint counsel is denied as moot.

**Order**

1. The amended petition is dismissed for failure to state a claim. ECF No. 26, 28
2. Petitioner's motion to appoint counsel is denied as moot. ECF No. 27.
3. The clerk of court is directed to close this case.

IT IS SO ORDERED.

Dated:  January 13, 2020                                   _____
                                                           UNITED STATES MAGISTRATE JUDGE

No. 206.

3